## Umstead and Reiff's Appeal.

1. Where there is a bequest of personalty in terms absolute in remainder after a life interest with an alternative bequest in case of the death of the legatee, to children of the legatee or in default of children then over, such contingency will be construed as limited to the period of the life interest and unless it occur during that period the bequest will be absolute.

2. A testator gave his property to his executors in trust for his wife for life and after her death to convert it into money and then he gave it to his seven children in equal shares, those to his sons "to hold to them respectively their heirs and assigns for ever." If any of his children should die leaving issue, the issue to take the share of the parent, and if any should die without issue the share to "be distributed among my surviving children and the issue of such as might be deceased:" Held, that a son who survived his mother was absolutely entitled to his legacy.

January 20th 1869. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., absent. WILLIAMS, J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Montgomery county :* No. 304, to January Term 1869.

In January 1869 the petition of Charles P. Reiff, son of John Reiff, late of the township of Whitpain, in said county, deceased, was presented, setting forth; as in the petition in the preceding case (Reiff's Appeal, p. 361), and this additional clause of the will which preceded the clause to his daughters. "To my son Daniel, the one equal seventh part; to my son Jacob, the one equal seventh part; to my son William, the one equal seventh part; to my son Charles, the one equal seventh part, to hold the same to them respectively, their heirs and assigns for ever."

The prayer was for a citation to the executors and a decree that they should pay to the petitioner his legacy absolutely. Jacob P. Reiff, one of the executors, answered, admitting the facts set out in the petition, but was "not willing to pay to the said Charles P. Reiff any part of said money absolutely, being advised that under the provisions of said will he cannot safely do so. He therefore declines to make such payment until security shall be given, to be approved by the court, for the payment of the principal to the persons who under the said will would be legally entitled to it in case of the death of the said Charles P. Reiff without issue."

The court (Chapman, P. J.) decreed "that respondents pay, and they are directed to pay to the petitioner the one-seventh part of the sum of seven thousand dollars admitted to be in their hands."

The executors appealed to the Supreme Court, and assigned the decree for error.

*G. R. Fox*, for appellants.

*J. Fornance*, for appellees, cited Amelia Smith's Appeal, 11 Harris 9 ; 1 Roper on Leg. 608.

The opinion of the court was delivered, February 1st, 1869, by SHARSWOOD, J.—John Reiff by his last will devised and bequeathed all the residue of his estate to his executors in trust for his widow for life, on her death to be converted into money, and the proceeds he gave to his seven children in equal shares "to hold the same," as to his sons " to them respectively their heirs and assigns for ever." In a subsequent clause he provides as follows : " If any of my said above-named children shall.die leaving issue, in such case, such issue shall take the share of his, her or their deceased parent, and in case any of my said above-named children shall die leaving no issue, then the share of him, her or them so dying shall be distributed among my surviving children, and the issue of such as may be deceased, such issue taking and equally among themselves dividing the share to which their deceased parent would have been entitled if living." The widow having died, and the executors having a sum of money in their hands for distribution, Charles P. Reiff, one of the sons, presented his petition in the court below, praying the court to make an order on the executors to pay him one-seventh of the fund absolutely. The answer of one of the executors submits that the legacy of the petitioner is by the terms of the will subject to a contingency, and therefore declines to make such payment until security shall be given pursuant to the provision of the Act of Assembly "relating to executors and administrators," passed February 24th 1834, § 49 (Pamph. L. 83). The court below made the order as prayed for.

This case cannot be distinguished from Galland *v.* Leonard, 1 Swanst. 161. There a testator gave the residue of his personal estate to trustees in trust to place the same out at interest during the life of his wife, and pay her a certain annuity, and upon her death to pay and divide the said trust moneys unto and equally between his two daughters. In case of the death of his daughters or either of them leaving a child or children living in trust for the children, and the testator declared that the children of each should be entitled to the same share his, her or their mother would have taken, if living. The Master of the Rolls, Sir Thomas Plumer, held that the testator intended only to substitute the children for the mother in the event of the decease of the latter during the widow's life, and that the daughters who survived the widow became absolutely entitled. To the same effect are Da Costa *v.* Keir, 3 Russell 360, and Home *v.* Pillans, 2 My. & K. 15. These cases may be considered as establishing this general rule of construction that where there is a bequest of personalty in terms absolute in remainder after a life interest—with an alternative bequest in case

[Umstead and Reiff's Appeal.

of the death of the legatee to children of the legatee or in default of children then over, such contingency will be construed as limited to the period of the life interest, and unless it occur during that period—the bequest becomes absolute. " The avowed aim of every construction," says Mr. Roper, " being to give effect to the intention of the testator as expressed in or collected from the will, it seems that when a bequest is not immediate but in remainder with an executory limitation in case of the death of the legatee, these expressions will be applied to the period when the remainder takes effect in possession, viz. : the death of the person taking the preceding interest:" 1 Roper on Leg. 409, 1st Am. ed. ; 2 Jarman on Wills 693. It follows that the order made by the court below was right.

Decree affirmed, and appeal dismissed at the costs of the appellant.